633 WEST 5TH STREET   SUITE 3600   LOS ANGELES   CALIFORNIA   90071-2054            JENNER&BLOCK LLP

December 30, 2014

Julie Shepard
Tel  213 239-2207
Fax 213 239-2217
jshepard@jenner.com

**VIA CM/ECF**

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
500 Pearl Street, Rm. 615
New York, New York 10007

Re:   In Re: Aereo, Inc., No. 14-cv-09829-AJN (related to WNET, et al. v. Aereo, Inc., No. 12-cv-1540-AJN – consolidated)

Dear Judge Nathan:

This letter concerns the document entitled "Notice of Mootness" ("Notice") [Dkt. No. 22] filed by Aereo, Inc. ("Aereo"), in which Aereo claims that Judge Lane's Bidding Procedures Order (the "Bidding Procedures Order") rendered moot Broadcasters' Motion to Withdraw Reference of the Stay and Sale Motion (the "Broadcasters' Motion") [Dkt. No. 1].[1]

Aereo's document is not contemplated by this Court's rules, and it is substantively incorrect. The Bidding Procedures Order concerns only one part of the relief requested by Aereo in its Sale Motion, specifically, the procedural aspects of when Aereo's auction and subsequent sale hearing would take place and other procedures related to the submission of bids for those assets.  Judge Lane and the Bidding Procedures Order did not address the substantive relief requested in the Sale Motion – approval of a sale – and the bankruptcy court will not do so until March 11, 2015, the date of the sale hearing.  Thus, by definition, the Bidding Procedures Order, which deals with scheduling, could not and did not render moot the Broadcasters' Motion, which addresses the substantive issue of whether and under what terms a sale should be approved.  Indeed, Judge Lane reiterated several times that he was only considering procedural aspects of an auction and not approving any sale of Aereo's assets. *See, e.g.*, 12/19/14 Tr. 64:14-15, 17 ("the sale procedure motion is before me today. . . . The sale is not before me today"); 119:3-5 ("it's a procedural motion that really is the focus of our discussions today").

Moreover, Judge Lane's statements show that he did not intend that any order he entered in approving bidding procedures would render moot this Court's consideration of the Broadcasters' Motion:

---
[1]  As used in this letter, "Broadcasters" includes all Plaintiffs in *Am. Broad Cos., Inc., et al. v. Aereo, Inc.,* 12 Civ. 1540 (AJN) (HBP) (S.D.N.Y.) [consol.] as well as KSTU, LLC, KUTV Licensee, LLC and Fox Broadcasting Company.

The Honorable Alison Nathan
December 30, 2014
Page 2

>I'm mindful of what I'm not doing today. I am not approving a sale. I am not identifying any particular assets that are sold. I have no idea really what the particular assets that might be sold, but also how anybody intends to use them. And those are all issues that will be addressed at another date. ***And so I don't think anything of what we're doing today in any way impacts the merits of the motion or the briefing that was mentioned by the broadcasters about discussion as to whether there were -- about the lawfulness or unlawfulness of time lapsing transmission of copyrighted broadcasts, an issue that I'm sure I'm not saying exactly right, but has not yet been briefed but that would be briefed and considered by Judge Nathan.***

12/19/14 Tr. 120:20-121:7 (emphasis added); *accord, id.* at 122:10-13 ("But right now, nothing that's being done will affect the broadcasters' substantive rights to argue whatever they want to argue on these issues.").

In the event the Court nonetheless wishes to consider the substance of the Notice, the Broadcasters request permission to submit a complete response on any schedule the Court may order.

Respectfully submitted,

/s/ Julie A. Shepard

Julie Shepard


cc:     All ECF recipients

2327884.1