UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., et al.,<br><br>    Movants<br><br>v.<br><br>AEREO, INC.,<br><br>    Debtor and Respondent | Case No. 14-cv-09829-AJN |

**SUPPLEMENTAL NOTICE OF RELATED PROCEEDINGS**

Aereo, Inc. (the "Debtor"), by and through its undersigned counsel, hereby provides this supplemental notice of additional proceedings conducted and to be conducted before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the Debtor's chapter 11 case pending before Judge Sean Lane, Case No. 14-13200 (SHL) (the "Chapter 11 Case"), as follows:

    1.    The Broadcasters' Motion to Withdraw Reference of the Stay Relief Motion and Sale Motion [Docket No. 1] (which commenced the above-captioned withdrawal of reference matter) concerned two bankruptcy motions: the Debtor's Motion to Approve Bidding Procedures [Chapter 11 Case, Docket No. 15] (the "Bidding Procedures Motion"), and the Broadcasters' Motion for Relief From Stay Pursuant to 11 U.S.C. § 362(d) [Chapter 11 Case, Docket No. 47] (the "Stay Relief Motion").

    2.    First, and as previously noted in the Debtor's "Notice of Mootness" dated December 30, 2014 [Docket No. 22], the Bidding Procedures Motion was allowed by Judge Lane in the Chapter 11 Case on December 24, 2014.  See Order (I) Approving Bidding

Procedures; (II) Establishing Certain Related Deadlines; and (III) Granting Related Relief [Chapter 11 Case, Docket No. 110] (the "Sale Procedures Order").

3. In its Sales Procedures Order, the Bankruptcy Court reserved at the time resolution of certain questions as to the adequacy of the "data preservation" procedures and safeguards which the Debtor proposed to conduct in advance of its sale of all or substantially all of its assets. After further hearings, the Bankruptcy Court has now approved all of those procedures and safeguards, authorizing the Debtor's auction sale to be conducted on February 24, 2015 without further order or other proceedings. Those further approvals are incorporated into the Bankruptcy Court's Superseding Order [Chapter 11 Case, Docket No. 176]. A courtesy copy of that Superseding Order is attached hereto as Exhibit A.

4. After the Debtor conducts its auction, the Bankruptcy Court will conduct a further hearing on March 11, 2015 to address any further objections to such sale. The Bankruptcy Court retained jurisdiction as to all aspects of that sale and any other matters arising from or related to the implementation of the Superseding Order [Docket No. 176, ¶ 12].

5. Second, the Broadcasters' Stay Relief Motion has not yet been decided, because the Broadcasters to date have declined to have such Motion added to the docket for any of the several hearings before Judge Lane. The primary basis for the Broadcasters' request that this Court take that Stay Relief Motion away from Judge Lane (and so instead address that Stay Relief Motion itself) is the purported risk that the Debtor will resurrect itself and go back into business, contrary to the Debtor's repeated assurances to the Bankruptcy Court that it will do neither. See Stay Relief Motion at 1-3.

6. Unfortunately, the Broadcasters' repeated requests for injunctive relief extending to possible purchasers of the Debtor's assets (none of whom are parties to any pending litigation), as to the hypothetical risk that such purchasers might themselves violate applicable law at some point in the future, has chilled interest in the Debtor's auction and thus caused material harm to the Debtor's bankruptcy estate.  Accordingly, to attempt to limit such harm in the most economical and effective way possible, the Debtor has filed its Motion for Entry of an Order Pursuant to Federal Rules of Bankruptcy Procedure 7068 and 9014(c) Directing that Rule 7068 Apply to Specified Proceedings [Chapter 11 Case, Docket No. 166] (the "Rule 68 Motion").  A courtesy copy of that Rule 68 Motion is attached hereto as Exhibit B. The Broadcasters have also opposed that Rule 68 Motion.

7. The Rule 68 Motion is scheduled to be heard by the Bankruptcy Court on February 18, 2015.

Dated: February 13, 2015
New York, New York

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ William R. Baldiga
William R. Baldiga, Esq.
R. Benjamin Chapman, Esq.
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel for Aereo, Inc.*

61846027